# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H.J. HEINZ COMPANY<br>1 PPG Place, Suite 3100<br>Pittsburgh, PA 15222<br><br>    Plaintiff,<br><br>    vs.<br><br>BOULDER BRANDS USA, INC.<br>formerly known as GFA BRANDS, INC.<br>1600 Pearl Street<br>Boulder, Colorado 80302<br><br>  c/o  National Corporate Research, Ltd.<br>       615 S. Dupont Hwy<br>       Dover, Delaware 19901<br><br>    Defendant. | Civil Action No.:<br><br>Unassigned<br><br>COMPLAINT FOR *DE NOVO* REVIEW<br>OF DECISION OF THE TRADEMARK<br>TRIAL AND APPEAL BOARD AND FOR<br>DECLARATORY RELIEF |

Plaintiff, H.J. Heinz Company ("Heinz"), for its Complaint against Defendant, Boulder Brands USA, Inc., formerly known as GFA Brands, Inc. ("Boulder"), hereby states and alleges as follows:

## NATURE OF THE CASE

1. This is an action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), seeking *de novo* judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO").

## THE PARTIES

2. Heinz is a Pennsylvania corporation with its principal place of business at One PPG Place, Suite 3100, Pittsburgh, Pennsylvania, 15222.

3. Defendant Boulder is a Delaware corporation with its principal place of business at 1600 Pearl Street, Boulder, Colorado 80302. Upon information and belief, Boulder was previously known as GFA Brands, Inc. until December 31, 2014 when it amended its Certificate of Incorporation with the state of Delaware to change its legal name to Boulder Brands USA, Inc.

## JURISDICTION AND VENUE

4. This action seeks review and reversal of a decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. This action arises under the laws of the United States, 15 U.S.C. § 1071(b). Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

5. This Court has personal jurisdiction over Boulder because Boulder has regularly solicited business or derived substantial revenue from goods promoted, advertised, sold, used, and/or consumed within this District and expects its actions to have consequences in this District. Furthermore, upon information and belief, Boulder is actively registered to do business in the state of Pennsylvania under its prior name GFA Brands Inc. since 2012.

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b) because Boulder regularly transacts business within this District.

## FACTUAL BACKGROUND

### Heinz's SMART ONES Marks

7. Heinz is a leading manufacturer and distributor of food products throughout the United States and the world, including frozen food products.

8. Heinz and its predecessors-in-interest have produced and distributed frozen food products in the United States since at least May 1992 under the distinctive and famous trademark SMART ONES.

9. Heinz owns, by virtue of an assignment dated April 27, 2011, the following registrations at the USPTO for its distinctive SMART ONES trademark:

| Trademark | Registration No. | Registration Date | Goods |
| --- | --- | --- | --- |
| SMART ONES | 1911590 | Aug. 15, 1995 | Frozen entrees consisting primarily of chicken, beef, fish and/or vegetables in Class 29; Frozen entrees consisting primarily of pasta and/or rice alone or in combination with other foods in Class 30 |
| SMART ONES | 2204080 | Nov. 17, 1998 | Frozen desserts consisting of milk based or milk substitute based desserts, cakes, pies and mousses in Class 30 |
| SMART ONES | 2916539 | Jan. 04, 2005 | Pre-cooked ready-to-eat frozen bread or wrap having a meat and/or vegetable filling with or without cheese in Class 30 |
| SMART ONES | 2916538 | Jan. 04, 2005 | Pizza in Class 30 |
| SMART ONES | 3462182 | Jul. 08, 2008 | Frozen foods, namely, breakfast sandwiches and muffins in Class 30 |

Copies of these registrations are attached hereto as **Exhibit A**.

10. These trademark registrations are valid and subsisting; constitute *prima facie* evidence of Heinz's exclusive right to use the marks in interstate commerce in connection with the goods specified in the registrations; and serve as constructive notice of Heinz's ownership of

3

the marks under 15 U.S.C. §§ 1057, 1072, and 1115. Further, these trademark registrations have all become incontestable as a matter of law under 15 U.S.C. § 1065.

11.     Heinz also owns all common law rights and interests in the SMART ONES trademark (the trademark registrations referenced herein and all common law rights are hereinafter collectively referred to as the "SMART ONES Marks").

12.     Since 1992, Heinz and its predecessors in interest have invested significant amounts of time and money to develop, promote, and maintain the SMART ONES Marks in the United States.

13.     As a result of substantial sales and extensive advertising and promotion, the SMART ONES Marks have become widely and favorably known as identifying frozen foods originating from, sponsored by or associated with Heinz. The public has come to associate the well-known and distinctive SMART ONES Marks with Heinz as the source of high quality frozen food products sold under the SMART ONES Marks and brand.

## The Boulder SMART BALANCE Applications

14.     On November 3, 2009, Boulder, under its prior name GFA Brands, Inc., filed a federal trademark application, Serial No. 77864305, for the intended mark SMART BALANCE on an intent-to-use basis under Section 1(b) of the Lanham Act, 15 U.SC. § 1051(b), in connection with "frozen appetizers containing poultry, meat, seafood or vegetables" in International Class 29 and "frozen entrees consisting primarily of pasta or rice" in International Class 30.

15.     On November 3, 2009, Boulder, under its prior name GFA Brands, Inc., also filed a federal trademark application, Serial No. 77864268, for the intended mark SMART BALANCE on an intent-to-use basis under Section 1(b) of the Lanham Act, 15 U.SC. § 1051(b),

4

in connection with "soy chips and yucca chips; snack mixes consisting primarily of processed fruits, processed nuts, raisins and/or seeds; nut and seedbased snack bars in International Class 29 and "cake mix, frosting, cakes, frozen cakes, cookies, coffee, tea, hot chocolate, bread, rolls, crackers, pretzels, chips, snack mixes, spices, snack bars" in International Class 30 (Serial No. 77864305 and 77864268 are collectively referred to as the "Boulder Applications").

16.     Application Serial No. 77864305 was published for opposition on April 20, 2010 by the USPTO.  Application Serial No. 77864268 was later published for opposition by the USPTO on August 10, 2010.

### The Decision of the Trademark Trial and Appeal Board

17.     On May 20, 2010, Heinz's predecessor in interest, ProMark Brands Inc. filed a Notice of Opposition against Application Serial No. 77864305 with the TTAB.  The proceeding was instituted under Opposition No. 91194974.

18.     On September 2, 2010, Heinz's predecessor in interest, ProMark Brands Inc. filed a Notice of Opposition against Serial No. 77864268 with the TTAB.  The proceeding was instituted under Opposition No. 91196358.

19.     The TTAB consolidated Opposition Nos. 91194974 and 91196358 into one proceeding on January 27, 2011.

20.     In its Notices of Opposition, Heinz alleged that the intended SMART BALANCE mark, when used in connection with the goods identified in the Boulder Applications, is confusingly similar to the SMART ONES Marks, and would be likely to cause consumer confusion, mistake, or deceive as to affiliation, connection or association between Heinz and Boulder, or as to the origin, sponsorship, or approval of Boulder's goods, services, or other commercial activities, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

21.     The Notices of Opposition were also based on the grounds that the use and registration of Boulder's SMART BALANCE mark in connection with the goods set forth in the Boulder Applications will dilute the distinctiveness of the famous SMART ONES Marks in violation of Section 2(c) of the Lanham Act, 15 U.S.C. § 1125(c).

22.     Following the exchange of discovery and trial testimony, the parties submitted trial briefs, and oral argument was held before the TTAB before a three-member panel on April 25, 2014.

23.     Contrary to and in spite of the substantial evidence of record, the TTAB issued a decision on March 27, 2015 finding that the SMART ONES Marks and the Boulder Applications were not confusingly similar.  Further, the TTAB found that dilution of the SMART ONES Marks was not likely on the grounds that Heinz has not presented sufficient evidence of fame. Therefore, Heinz's consolidated Notice of Opposition was dismissed.  A true and correct copy of the March 27, 2015 decision of the TTAB is attached hereto as **Exhibit B**.

24.     The TTAB erred in numerous respects in its analysis in dismissing the Opposition and finding in Boulder's favor.

25.     This petition of appeal is timely per 15 U.S.C. § 1071(b).

**FIRST CAUSE OF ACTION**
**(Reversal of the March 27, 2015 TTAB Decision)**

26.     Heinz incorporates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

27.     The March 27, 2015 decision of the TTAB is subject to *de novo* review under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

28.     The TTAB erred in finding that Boulder's intended SMART BALANCE mark for the goods listed in the Boulder Applications is not likely to be confused with Heinz's famous SMART ONES Marks.

29.     The TTAB erred in finding that Boulder's intended SMART BALANCE mark for the goods listed in the Boulder Applications will not dilute Heinz's famous SMART ONES Marks.

30.     At least the following aspects of the TTAB's March 27, 2015 decision are contrary to the pertinent law, unsupported by substantial evidence, and therefore, insufficient to support dismissal of Heinz's consolidated Oppositions under the Lanham Act:

   a. The TTAB erred in finding that the meaning and commercial impression of the SMART ONES Marks and Boulder's SMART BALANCE mark are different.

   b. The SMART ONES Marks are some of the most famous trademarks in the frozen food category. The TTAB erred by not giving proper weight and consideration to the strength and fame of the SMART ONES Marks and the evidence of substantial advertising, use, consumer recognition, marketing, and sales.

   c. The TTAB erred in discounting the substantial evidence of the strength and fame of the SMART ONES Marks and presuming that consumer recognition of the SMART ONES Marks is impacted by the presence of the mark "Weight Watchers" on packaging, despite substantial evidence to the contrary.

   d. The TTAB erred in determining that the term "smart" is weak in the frozen food category.

31.     Heinz will introduce additional evidence of the harm that would be caused to Heinz if the TTAB decision is not reversed, including but not limited to evidence of the fame of

Heinz's SMART ONES Marks, the amount of advertising and marketing expenditures in support of the Heinz's SMART ONES Marks, consumer recognition of the SMART ONES Marks, and the likelihood of confusion and dilution from Boulder's use of the SMART BALANCE mark as set forth in the Boulder Applications.

32. The TTAB's decision was contrary to pertinent law, not supported by substantial evidence and/or was in error in light of the evidence of record with the TTAB, the allegations in this Complaint, and additional evidence to be submitted by Heinz as set forth above. Therefore, the TTAB's March 27, 2015 decision was insufficient to support dismissal of consolidated Opposition Nos. 91194974 and 91196358.

## SECOND CAUSE OF ACTION
### (Declaration of Likelihood of Confusion under Federal Law)

33. Heinz incorporates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

34. An actual controversy exists between Heinz and Boulder regarding the likelihood of confusion between Boulder's SMART BALANCE mark and the SMART ONES Marks.

35. Heinz is entitled to a declaration from the Court that Boulder's SMART BALANCE mark for the goods cited in the Boulder Applications is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others as to an affiliation, connection or association between Heinz and Boulder, and/or as to the origin sponsorship, or approval of Boulder's goods, services, or other commercial activities in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## THIRD CAUSE OF ACTION
### (Declaration of Dilution under Federal Law)

36. Heinz incorporates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

37. An actual controversy exists between Heinz and Boulder regarding the dilution of Heinz's SMART ONES Marks by Boulder's use and potential registration of its SMART BALANCE mark for the goods listed in the Boulder Applications.

38. Heinz's SMART ONES Marks have, through extensive and widespread use by Heinz, become sufficiently distinct and well known by the public so as to be considered "famous" for purposes of the Lanham Act, 15 U.S.C. § 1125(c).

39. Heinz is entitled to a declaration from the Court that the use and registration of Boulder's SMART BALANCE mark for the goods cited in the Boulder Applications are likely to dilute the distinctiveness of the SMART ONES Marks, in violation of Section 2(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff H.J. Heinz Company respectfully requests that the Court:

A. Enter judgment reversing and vacating the March 27, 2015 decision of the TTAB in the consolidated matter of *ProMark Brands, Inc. and H.J. Heinz Company v. GFA Brands, Inc.*, Opposition Nos. 91194974 and 91196358 referenced herein, pursuant to 15 U.S.C. § 1071(b);

B. Sustain Opposition Nos. 91194974 and 91196358 against Boulder and in favor of Heinz;

C. Direct the Director of Trademarks to deny registration of the Boulder Applications;

D. Declare that Boulder's SMART BALANCE mark, when used and registered in connection with the goods set forth in the Boulder Applications, is likely to cause mistake, or to deceive the purchasing public and others as to an affiliation, connection or association between Heinz and Boulder, and/or as to the origin sponsorship, or approval of Boulder's goods, services, or other commercial activities in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

E. Declare that use and registration of Boulder's SMART BALANCE mark for the goods cited in the Boulder Applications are likely to dilute the distinctiveness of the SMART ONES Marks, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1125(c).

F. Award Heinz's attorneys fees and costs in this action; and

G. Award Heinz such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Ansley S. Westbrook, II_____
Ansley S. Westbrook, II, Esq.
P.A. ID No. 77732

**DINSMORE & SHOHL LLP**
Firm No. 732
One Oxford Centre
301 Grant Street, Suite 2800
Pittsburgh, PA 15219
Phone: (412) 281-5000
Fax: (412) 281-5055
Email: ansley.westbrook@dinsmore.com

*Counsel for Plaintiff H.J. Heinz Company*

*Of Counsel*

Karen K. Gaunt (Oh. Bar No. 0068418)
April L. Besl (Oh. Bar No. 0082542)
Brian S. Sullivan (Oh, Bar No. 0040219)
B. Joseph Schaeff (Oh. Bar. No. 0013852)

**DINSMORE & SHOHL LLP**
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: karen.gaunt@dinsmore.com
          april.besl@dinsmore.com
          brian.sullivan@dinsmore.com
          joseph.schaeff@dinsmore.com

9658875v5